*berland Valley R. R. Co.* v. *McLanahan,* 59 Penn St. 23; *Wilson*
v. *Chalfant,* 15 Ohio, 248; *Hodgson* v. *Jeffries,* 52 Ind. 334; *House*
v. *Montgomery,* 19 Mo. App. 170.)

I think that the purpose of this provision of the statute and
the proceedings required thereunder distinguish this case from
the town bonding cases where the consenting and non-consenting
property owners were directly affected financially and where it
was not contemplated that any rights should become vested or
that any action should be taken by interested parties until after
the decision made by the assessors or county judge as to the
sufficiency of the consents. In these cases a hearing was had
before the assessors or county judge, and the matter was con-
sidered as a proceeding pending before those officials to deter-
mine whether the necessary percentage of the property owners
favored bonding the town for the purpose of constructing a rail-
road. For these reasons it was held that each consenting or
petitioning property owner had the right to withdraw his consent
at any time before the application or petition was finally acted
upon by the assessors or county judge. (*People ex rel. Irwin* v.
*Sawyer,* 52 N. Y. 298; *People ex rel. Yawger* v. *Allen,* Id. 538;
*Town of Springport* v. *Teutonia Savings Bank,* 84 id. 403; *Cagwin*
v. *Town of Hancock,* 84 id. 532.)

The order should be reversed, with costs to appellant, and the
proceeding dismissed, with costs to him also.

Order affirmed, with costs.

---

Fourth Appellate Department, March, 1901. Reported. 59 App. Div. 626.

In the Matter of the Petition of JOHN HUNTER, Appellant, for an
Order Enjoining JAMES M. CAFFREY, Respondent, from Traf-
ficking in Liquors Contrary to the Provisions of the Liquor
Tax Law.

Order affirmed, without costs.

All concurred.